**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTER DISTRICT OF VIRGINIA**
**Norfolk Division**

CHRISTOPHER G. GENAKOS

     Plaintiff,

v.                                 CASE NO.

THE LAWSON COMPANIES, INC.

     Serve:  Registered Agent
              Howard E. Gordon
              Dominion Tower Ste 1700
              999 Waterside Drive
              Norfolk, Virginia 23510-3320

## **COMPLAINT**

     Plaintiff, Christopher G. Genakos  ("Genakos"), by counsel, for his Complaint against

Defendant, The Lawson Companies, Inc. ("Lawson"), alleges as follows:

### THE PARTIES

1.     .Plaintiff is a natural person, is, and at all times relevant hereto was, a citizen of the

Commonwealth of Virginia, residing in the city of Virginia Beach, Virginia.

2.     Defendant is a Virginia corporation, with its principal office located in Virginia Beach,

Virginia.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.     Prior to instituting this suit, Genakos timely filed an administrative claim with the

Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on March 30, 2020.

A true and correct copy of the Charge of Discrimination is attached to this complaint and

incorporated by reference as Exhibit "A."  Plaintiff's Charge of Discrimination specifically

claims "disability" discrimination in violation of the Americans with Disabilities Act ("ADA").

4.      The EEOC failed to resolve the claim and issued a right-to-sue letter dated August 20, 2020.  Genakos received the EEOC's right-to-sue letter on August 20, 2020. Plaintiff has filed his complaint within 90 days from the date he received his notice authorizing the right to bring this action.

## JURISDICTION AND VENUE

5.      This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 451, 1331, and 1343.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA").

6.      Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. §1391(b)(2) and (c).

## STATEMENT OF FACTS

7.      Defendant is engaged in the business of real estate development, construction management and property management for multifamily properties.  Defendant employs approximately 225 people to support its efforts to develop, oversee construction, manage and run multifamily housing properties in two states, including the Commonwealth of Virginia.

### *Plaintiff has a Disability Protected by the ADA*

8.      Plaintiff is a qualified individual with a disability within the meaning of the ADA. Specifically, Genakos has severe hearing impairment.   As a result, Genakos's first language is Sign Language and English is his second langue.

9.      On or about April 1, 2018, Genakos began employment with Defendant in its maintenance department.  Defendant's Director of Maintenance, Mike Feehery ("Feehery") interviewed and hired Genakos.

10.     Genakos was initially assigned the title of Maintenance Floater.  A Maintenance Floater is generally a highly skilled maintenance employee possessing the skills of a maintenance technician, but cross-trained on multiple systems and brands of equipment.

### Defendant was Informed and Aware of Plaintiff's Disability

11.     During the initial hiring process, Defendant was fully aware of Genakos's disability and hired him with the understanding that Genakos would require certain reasonable accommodations as an employee.

12.     While employing Genakos, Lawson provided him accommodations to enable him to communicate effectively at work including providing interpreters and technology solutions.

13.     During the course of his employment, Genakos continually met and exceeded Defendant's satisfaction and expectations.

14.     In October 2018, Genakos was promoted to work as an Assistant Maintenance Supervisor at their Hampton Creek Apartments ("Hampton Creek").  As such, Genakos reported directly to the Hampton Creek Maintenance Supervisor, Eric Timmins ("Timmins").

15.     Lawson had previously publicly advertised the "Job Scope and Purpose" of an Assistant Maintenance Supervisor at Hampton Creek Apartments as follows:

> To assist and assure responsive and efficient maintenance service for assigned apartment community.  Performance is at the direction of the Property Manager, Regional Property Manager, Director of Property Management and President of Lawson Realty Corporation.

16.     Lawson publicly advertised the "Essential Duties and Responsibilities" of an Assistant Maintenance Supervisor at Hampton Creek Apartments, in pertinent part, as follows:

a.  Assist in hiring, training, developing and supervising a professional support staff as needed to ensure adequate execution of key responsibilities.

3

    b.   Assist in turning/renovating vacant units in a timely manner to minimize vacancy loss.

    c.   Assist in recommending which supplies to purchase, assist in processing invoices and purchase orders expeditiously.

17.     On June 28, 2019, after serving nine months as the Hampton Creek Assistant Maintenance Supervisor, Genakos received a formal positive job performance review which expressly noted that he was a good candidate for a management position.

*Plaintiff was Denied a Promotion to a Position for which He was Fully Qualified*

18.     On or about February 4, 2020, Timmins gave notice of his resignation from employment as the Hampton Creek Maintenance Supervisor.

19.     Genakos quickly learned of the potential management position opening and expressed interest in applying for the position to members of Defendant's management.

20.     As the Assistant Maintenance Supervisor at Hampton Creek, Genakos then formally applied for the position of Maintenance Supervisor to replace Timmins.  The Maintenance Supervisor provided higher wages and benefits than Genakos was making in the Assistant Maintenance Supervisor position.

21.     On or about February 26, 2020, Genakos met with Defendant's Hiring Manager and interviewed for the position.  Defendant failed to provide Genakos an interpreter for the interview.

22.     When Genakos interviewed for the position, Lawson publicly advertised the "Job Scope and Purpose" of a Maintenance Supervisor at Hampton Creek as follows:

> To assure responsive and efficient maintenance service for assigned apartment community.  Performance is at the direction of the Property Manager, Regional Property Manager, Director of Property Management and President of Lawson Realty Corporation.

23.     Also, in February 2020, Lawson publicly advertised the "Essential Duties and Responsibilities" of a Maintenance Supervisor at Hampton Creek, in pertinent part, as follows:

    a.  Hiring, training, developing and supervising a professional support staff as needed to ensure adequate execution of key responsibilities.

    b.  Turn/renovate vacant units in a timely manner to minimize vacancy loss.

    c.  Recommend which supplies to purchase, assist in processing invoices and purchase orders.

24.     Genakos was fully qualified for the title and position of Maintenance Supervisor at Hampton Creek having achieved well over a year of management experience as the Assistant Maintenance Supervisor at that same location.

25.     Rather than promoting Genakos Lawson instead hired an individual who was not in a supervisory position with the company and had less seniority than Genakos.  Lawson promoted Waring Halsey ("Halsey") as the Hampton Creek Maintenance Supervisor.

26.     At the time of his promotion, Halsey was a Maintenance Floater (a non-management position) with minimal experience working both for Defendant and at Hampton Creek.

27.     Halsey began employment with Lawson in December 2019 – over a year after Genakos had been assigned the position of Assistant Maintenance Supervisor at Hampton Creek.

28.     Halsey does not have any identifiable disabilities.

29.     Perplexed by Lawson's decision, Genakos asked Timmins "what happened?"  Timmins informed Genakos that he was not promoted because Lawson's management perceived Genakos as having communications problems associated with his disability.

30.     Lawson did not wish to provide Genakos the previously supplied accommodations to assist in his communications on a continual basis as (Defendant perceived) would be required if Genakos were promoted to Maintenance Supervisor.

31.     Lawson informed Genakos that Halsey had more management experience than Genakos. Lawson's purported reasons for denying Genakos the promotion was a pretext for the real reason – his disability and its perceived impact on Genakos' communications abilities.

32.     Genakos continued to work for Lawson earning less than Halsey and still in an assistant management position until July 10, 2020 when he voluntarily resigned his employment.

<u>JURY DEMAND</u>

Plaintiff demands a jury trial.

<u>COUNT I</u>
Failure to Promote and Disability Discrimination in Violation of the ADA

33.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

34.     At all times relevant herein, Defendant  was an "employer" and Plaintiff was an "employee" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et seq.

35.     At all relevant times, Plaintiff was a "qualified person with a disability" within the meaning of the ADA.

36.     Defendants violated Genakos's civil rights by discriminating against him on the basis of his disability, history of disability and/or perceived disability by denying him a proper and appropriate promotion to Maintenance Supervisor at Hampton Creek.

37.     Defendant's violations of the ADA were willful.  Defendants unlawful practices were carried out with malice and/or reckless indifference to Genakos's federal rights.

38.     As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Christopher G. Genakos, prays for entry of judgment in favor of Plaintiff and against Defendant, Lawson Companies, Inc. the following relief:

a.     Back Pay;

b.     Front Pay;

c.     Compensatory Damages;

d.     Punitive Damages;

e.     Attorneys' fees and court costs associated with this suit; and

f.     Other such relief as may be appropriate to effectuate the purpose of justice.

Date:  November 18, 2020                          Respectfully Submitted,

CHRISTOPHER G. GENAKOS
_____/s/_____
Todd M. Gaynor, Esquire
GAYNOR LAW CENTER, P.C.
424 New London Place, Suite 1800
Norfolk, Virginia 23510
PH: (757) 828-3739
FX: (757) 257-3674
EM: tgaynor@gaynorlawcenter.com